ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/19/17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - x
                            :

UNITED STATES OF AMERICA     :   **SEALED INFORMATION**
                            :

        - v. -         :   17 Cr. ____

                            :

JORDAN FOGEL,           :

        Defendant.      :   **17 CRIM 308**

                            :

- - - - - - - - - - - - - - - - - - x

## COUNT ONE

(Conspiracy to Convert Property of the United States, to Commit
Securities Fraud and to Defraud the United States)

The United States Attorney charges:

### Overview of the Scheme

1.  At all times relevant to this Information, Investment
Advisor-A was a privately held group of associated fund advisors
specializing in healthcare-related investments.  As of 2017,
Investment Advisor-A managed three active hedge funds and had more
than $7 billion in assets under management.  Investment Advisor-
A's primary place of business was New York, New York.

2.  At all times relevant to this Information, JORDAN FOGEL,
the defendant, was a partner and an analyst at Investment Advisor-
A.

3.  From at least in or about 2012 through at least in or
about 2014, JORDAN FOGEL, the defendant, and others known and

unknown, participated in a scheme to obtain and convert to their own use confidential and material non-public information from the Centers for Medicare & Medicaid Services ("CMS"), a component of the United States Department of Health and Human Services, concerning, among other things, CMS's internal deliberations regarding coverage and reimbursement decisions. As a part of the scheme, FOGEL and others encouraged "political intelligence" consultants, including a co-conspirator not named as a defendant herein ("CC-1"), to obtain confidential and material non-public information from CMS insiders who, as FOGEL knew, were CC-1's former colleagues with whom he had close personal relationships, and were prohibited from disclosing such information to CMS outsiders. FOGEL and others caused Investment Advisor-A to confer a pecuniary benefit upon CC-1 in the form of consulting fees in exchange, in part, for the confidential and material non-public information that CC-1 improperly obtained from CMS insiders. FOGEL and others then caused Investment Advisor-A to buy and sell securities based, in whole or in part, on the confidential and material non-public information provided by CC-1.

## Statutory Allegations

4.   From at least in or about 2012 through at least in or about 2014, in the Southern District of New York and elsewhere, JORDAN FOGEL, the defendant, and others known and unknown, willfully and knowingly combined, conspired, confederated, and

2

agreed together and with each other to commit offenses against the United States, to wit, conversion of United States property, in violation of Title 18, United States Code, Section 641; and securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff, and Title 17, Code of Federal Regulations, Section 240.10b-5; and to defraud the United States and an agency thereof, to wit, CMS, in violation of Title 18, United States Code, Section 371 and Title 5, Code of Federal Regulations, Section 2635.703(a).

5.     It was a part and an object of the conspiracy that JORDAN FOGEL, the defendant, and others known and unknown, knowingly would and did embezzle, steal, purloin, and convert to his use and the use of others records, vouchers, money, and things of value of the United States and a department and agency thereof, to wit, CMS, the value of which exceeded the sum of $1,000, and would and did receive, conceal, and retain the same with intent to convert it to his use and gain, knowing it to have been embezzled, stolen, purloined and converted, in violation of Title 18, United States Code, Section 641.

6.     It was further a part and an object of the conspiracy that JORDAN FOGEL, the defendant, and others known and unknown, willfully and knowingly, directly and indirectly, by use of the means and instrumentalities of interstate commerce, and of the mails, and the facilities of national securities exchanges, would

3

and did use and employ, in connection with the purchase and sale of securities, manipulative and deceptive devices and contrivances, in violation of Title 17, Code of Federal Regulations, Section 240.10b-5, by (a) employing devices, schemes and artifices to defraud; (b) making and causing to be made untrue statements of material fact and omitting to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices, and courses of business which operated and would operate as a fraud and deceit upon other persons, in violation of Title 15, United States Code, Sections 78j(b) and 78ff.

7.    It was further a part and an object of the conspiracy that JORDAN FOGEL, the defendant, and others known and unknown, willfully and knowingly, using deceit, craft, trickery and dishonest means, would and did defraud the United States and an agency thereof, to wit, CMS, by obtaining confidential information about CMS's internal deliberations in advance of the agency's rulemaking decisions, thereby impeding, impairing, defeating and obstructing the lawful function of the agency, in violation of Title 18, United States Code, Section 371 and Title 5, Code of Federal Regulations, Section 2635.703(a).

Overt Act

8.    In  furtherance  of  the  conspiracy  and  to  effect  its illegal  objects,  JORDAN  FOGEL,  the  defendant,  committed  the following  overt  act,  among  others,  in  the  Southern  District  of  New York  and  elsewhere:

a.    On  or  about  June  25,  2013,  FOGEL  and  CC-1 communicated  by  email  while  FOGEL  was  in  New  York,  New  York.

(Title  18,  United  States  Code,  Section  371.)

**COUNT TWO**
(Conversion  of  Property  of  the  United  States)

The  United  States  Attorney  further  charges:

9.    The  allegations  contained  in  paragraphs  1  through  3  and 8  of  this  Information  are  repeated  and  realleged  as  though  fully set  forth  herein.

10.   From  at  least  in  or  about  May  2012  through  at  least  in or  about  July  2012,  in  the  Southern  District  of  New  York  and elsewhere,  JORDAN  FOGEL,  the  defendant,  knowingly  embezzled, stole,  purloined,  and  converted  to  his  use  and  the  use  of  others records,  vouchers,  money,  and  things  of  value  of  the  United  States and  a  department  and  agency  thereof,  to  wit,  CMS,  the  value  of which  exceeded  the  sum  of  $1,000,  and  received,  concealed,  and retained  the  same  with  intent  to  convert  it  to  his  use  and  gain, knowing  it  to  have  been  embezzled,  stolen,  purloined,  and converted,  to  wit,  FOGEL  received  confidential  CMS  information

5

about CMS's proposed radiation oncology rule from CC-1, which FOGEL knew had been improperly obtained from CMS, and which FOGEL and others used, in whole or in part, to cause Investment Advisor-A to purchase and sell securities.

(Title 18, United States Code, Sections 641 and 2.)

## COUNT THREE
(Conversion of Property of the United States)

The United States Attorney further charges:

11.   The allegations contained in paragraphs 1 through 3 and 8 of this Information are repeated and realleged as though fully set forth herein.

12.   From at least in or about January 2013 through at least in or about July 2013, in the Southern District of New York and elsewhere, JORDAN FOGEL, the defendant, knowingly embezzled, stole, purloined, and converted to his use and the use of others records, vouchers, money, and things of value of the United States and a department and agency thereof, to wit, CMS, the value of which exceeded the sum of $1,000, and received, concealed, and retained the same with intent to convert it to his use and gain, knowing it to have been embezzled, stolen, purloined, and converted, to wit, FOGEL received confidential CMS reports with CMS's internal data analysis and confidential information about CMS's internal deliberations and data analysis in advance of the proposed kidney dialysis rule from CC-1, which FOGEL knew had been

improperly obtained from CMS, and which FOGEL and others used, in whole or in part, to cause Investment Advisor-A to purchase and sell securities.

(Title 18, United States Code, Sections 641 and 2.)

## COUNT FOUR
(Securities Fraud)

The United States Attorney further charges:

13.   The allegations contained in paragraphs 1 through 3 and 8 of this Information are repeated and realleged as though fully set forth herein.

14.   From at least in or about May 2012 through at least in or about July 2012, in the Southern District of New York and elsewhere, JORDAN FOGEL, the defendant, willfully and knowingly, directly and indirectly, by use of the means and instrumentalities of interstate commerce, and of the mails, and the facilities of national securities exchanges, used and employed, in connection with the purchase and sale of securities, manipulative and deceptive devices and contrivances, in violation of Title 17, Code of Federal Regulations, Section 240.10b-5, by (a) employing devices, schemes, and artifices to defraud; (b) making and causing to be made untrue statements of material fact and omitting to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices, and courses of

business which operated and would operate as a fraud and deceit upon other persons, to wit, in advance of the July 1, 2012 public announcement by CMS about proposed radiation oncology cuts, CC-1 obtained material non-public information regarding the status of CMS's internal deliberations and plans for a proposed CMS rule, and tipped FOGEL, who, based in whole or in part on that information, caused Investment Advisor-A to execute securities transactions in the stock of Varian Medical Systems, a corporation headquartered in Palo Alto, California whose stock traded on the New York Stock Exchange ("NYSE") under the ticker symbol "VAR."

(Title 15, United States Code, Sections 78j(b) & 78ff;
Title 17, Code of Federal Regulations, Section 240.10b-5; and
Title 18, United States Code, Section 2.)

## COUNT FIVE
(Securities Fraud)

The United States Attorney further charges:

15.   The allegations contained in paragraphs 1 through 3 and 8 of this Information are repeated and realleged as though fully set forth herein.

16.   From at least in or about January 2013 through at least in or about July 2013, in the Southern District of New York and elsewhere, JORDAN FOGEL, the defendant, willfully and knowingly, directly and indirectly, by use of the means and instrumentalities of interstate commerce, and of the mails, and the facilities of national securities exchanges, used and employed, in connection

with the purchase and sale of securities, manipulative and deceptive devices and contrivances, in violation of Title 17, Code of Federal Regulations, Section 240.10b-5, by (a) employing devices, schemes, and artifices to defraud; (b) making and causing to be made untrue statements of material fact and omitting to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices, and courses of business which operated and would operate as a fraud and deceit upon other persons, to wit, in advance of the July 6, 2013 public announcement by CMS of its proposed kidney dialysis cuts, CC-1 obtained material non-public information regarding CMS's internal data and plans for the proposed rule, and tipped FOGEL, who, based in whole or in part on that information, caused Investment Advisor-A to execute securities transactions in the American Depository Receipts of Fresenius Medical Care AG & Co. KGaA, a corporation headquartered in Bad Homburg, Germany, which traded on the NYSE under the ticker "FMS."

(Title 15, United States Code, Sections 78j(b) & 78ff;
Title 17, Code of Federal Regulations, Section 240.10b-5; and
Title 18, United States Code, Section 2.)

## COUNT SIX
(Conspiracy to Commit Wire Fraud)

The United States Attorney further charges:

17.   The allegations contained in paragraphs 1 through 3 and 8 of this Information are repeated and realleged as though fully set forth herein.

18.   From at least in or about 2012 through at least in or about 2014, in the Southern District of New York and elsewhere, JORDAN FOGEL, the defendant, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit wire fraud, in violation of Title 18, United States Code, Section 1343.

19.   It was a part and an object of the conspiracy that JORDAN FOGEL, the defendant, and others known and unknown, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343.

(Title 18, United States Code, Section 1349.)

10

## FORFEITURE ALLEGATION

20.   As a result of committing the offenses alleged in Counts One through Six of this Information, JORDAN FOGEL, the defendant, shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses.

### Substitute Assets Provision

21.   If any of the above-described forfeitable property, as a result of any act or omission of JORDAN FOGEL, the defendant,

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with, a third party;

c.   has been placed beyond the jurisdiction of the court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property which cannot be divided without difficulty,

11

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), and Title 28, United States Code Section 2461(c), to seek forfeiture of any other property of FOGEL up to the value of the forfeitable property described above.

(Title 18, United States Code, Section 981(a)(1)(C);
Title 21, United States Code, Section 853(p);
Title 28, United States Code, Section 2461.)

JOON H. KIM
Acting United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

JORDAN FOGEL,

Defendant.

SEALED INFORMATION

17 Cr. ____

(15 U.S.C. §§ 78j(b) & 78ff;
17 C.F.R. § 240.10b-5;
18 U.S.C. §§ 371, 641, 1349 & 2;
5 C.F.R. § 2635.703(a).)

JOON H. KIM
Acting United States Attorney